UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GILBERT DOMINGUEZ,

    Plaintiff,

v

UNKNOWN WALKER, et al.,

    Defendants.
_____/

Case No. 1:12-cv-734

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, who is currently incarcerated in Pennsylvania, filed a complaint seemingly alleging a violation of his Eighth Amendment right to be free from cruel and unusual punishment based on the alleged denial of medical treatment while he was incarcerated in Michigan.[1] After Defendant Adam Edelman, M.D., initially failed to file a response to Plaintiff's summons and complaint, this Court issued a Notice of Impending Default to the parties (Dkt 50). Defendant subsequently filed a Motion for Summary Judgment based on Plaintiff's failure to exhaust administrative remedies (Dkt 51). The Magistrate Judge issued a corresponding Report and Recommendation, recommending that Defendant's motion be granted (Dkt 52). The matter is presently before the Court on Plaintiff's "Default of Judgment/Report & Recommendation," which was docketed as Plaintiff's objection to the Report

---

[1] This Court previously issued an Opinion and Order approving and adopting the Magistrate Judge's Report and Recommendation to grant Defendants Sharon Walker's and Harriet A. Squier's Motion for Summary Judgment predicated on Plaintiff's failure to exhaust his administrative remedies (Dkt 49).

and Recommendation (Dkt 56). Plaintiff has since filed a Motion for Leave to File an Amended Complaint with a proposed first amended complaint (Dkt 59), to which Defendant has filed a response (Dkt 61). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections, denies Plaintiff's Motion for Leave to File an Amended Complaint, and issues this Opinion and Order.

1. Default Judgment

In his objection, Plaintiff contends that this Court should enter a default judgment against Defendant because he filed a response to the summons and complaint only after two former defendants prevailed on a motion for summary judgment (Dkt 56 at 1). In the Notice of Impending Default, this Court informed Plaintiff and Defendant that although Defendant had failed to file a response within the time allowed in the court rules, Plaintiff similarly failed to enter a default against Defendant (Dkt 50). The Court further stated "[i]f no request for default is filed by plaintiff by March 10, 2014, or if the Court is not advised by that date that defendant served a responsive pleading, the Court may enter a default against defendant Adam M. Edelman pursuant to Fed.R.Civ.P. 55." (*Id.*). Plaintiff did not request such default until several months after the deadline passed. Defendant, however, filed his motion for summary judgment on March 3, 2014, well within the time frame stated by this Court. Plaintiff's argument is therefore without merit. Further, even assuming that Defendant did file his response late, consideration of the merits would nevertheless be unwarranted, and Plaintiff would not be entitled to default judgment. *See United Coin Meter v. Seaboard Coastline RR*, 705 F.2d 839, 845 (6th Cir. 1983) (observing that default judgment is a drastic remedy that should only be used in the most extreme cases).

2. Accusation of Bias

Plaintiff accuses the state of Michigan, by way of this Court, of being biased against him because he is not a Michigan resident. Plaintiff appears to argue that this Court is biased because it allegedly ignored evidence that he exhausted his administrative remedies when it granted summary judgment to two former defendants under the theory that Plaintiff failed to exhaust his administrative remedies. However, Plaintiff's argument is undermined by the record evidence, which shows that Plaintiff pursued his claim through Step II of the grievance process, not Step III (*See* Step II Grievance Resp., Dkt 44-1 at 3).

Likewise, Defendant has adduced evidence from Richard D. Russell, the Manager of the Grievance Section of the Michigan Department of Corrections, demonstrating that Plaintiff failed to exhaust his administrative remedies (Russell, Aff., Dkt 61-4 at 4). Specifically, Russell stated in an affidavit that he searched the grievance database for Step III appeals filed by Plaintiff, and the database revealed no such appeal (*id.*). Plaintiff's assertion of bias is without merit. This Court's ruling was based on the record. Regardless, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). *See, e.g., Traficant v. C.I.R.*, 884 F.2d 258, 267 (6th Cir. 1989) (holding that the plaintiff failed to demonstrate bias where the plaintiff pointed to episodes that were "nothing more than the Judge's rulings against Traficant on the merits").

The remainder of Plaintiff's objections merely repeats his conclusory assertions of deliberate indifference to his medical needs without demonstrating any error in the Magistrate Judge's Report and Recommendation.

3. Amended Complaint

Plaintiff also filed a motion for leave to file an amended complaint. Plaintiff is not eligible to amend his complaint as a matter of course because he is beyond the 21 day limit set forth in FED. R. CIV. P. 15(a)(1); therefore, he can amend his complaint only by leave of the Court. Pursuant to FED. R. CIV. P. 15(a)(2), leave shall be freely given "when justice so requires." The factors relevant when considering a motion to amend include: (1) undue delay in filing, (2) lack of notice to the opposing party, (3) bad faith by the moving party, (4) repeated failure to cure deficiencies by previous amendments, (5) undue prejudice to the opposing party, and (6) futility of amendment. *See Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458 (6th Cir. 2001). A motion to amend is futile when additional factual allegations do not further the plaintiff's legal claim. *See Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006).

Plaintiff's motion hinges on the newly asserted factual allegation that Defendants denied him access to prisoner grievance forms (Dkt 59-1 at 5). However, this claim is inconsistent with Plaintiff's "Default of Judgment/Report & Recommendation," in which he states that he repeatedly demonstrated that he exhausted his administrative remedies. As discussed above, Plaintiff himself provided evidence that shows he had access to the grievance process/forms. Since the additional factual allegations do not further Plaintiff's claim, Plaintiff's motion to amend his complaint is futile.

4. Conclusion

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this action was filed *in forma pauperis*, for the reasons stated above, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be

taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Because this decision resolves the last pending claim in this case, this case will be closed. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's "Default of Judgment/Report & Recommendation," docketed as Plaintiff's Objection, (Dkt 56) is DENIED and the Report and Recommendation (Dkt 52) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Dkt 51) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (Dkt 59) is DENIED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of this decision would not be taken in good faith.


Dated: February  9 , 2015                     /s/ Janet T. Neff
                                              JANET T. NEFF
                                              United States District Judge